```
           IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF KANSAS
```

**STEVEN KENT BLOOM,**

                      Plaintiff,

        v.                                 CASE NO. 07-3258-SAC

**KAREN MCPHERSON, et al.,**

                      Defendants.

**O R D E R**

Plaintiff, a prisoner incarcerated in the Lansing Correctional Facility (LCF) in Lansing, Kansas, proceeds pro se on a complaint filed under 42 U.S.C. § 1983. Plaintiff also asserts jurisdiction under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12131 *et seq.* The three defendants named in the complaint are Nurses Karen McPherson and Mary Montgomery, and LCF Disciplinary Board Officer F.N. Cooper.

Notwithstanding plaintiff's payment of the full district court filing fee, the court is required to screen the complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b). See Plunk v. Givens, 234 F.3d 1128, 1129 (10th Cir. 2000)(§ 1915A applies to all prison litigants, without regard to their fee status, who bring civil suits against a governmental entity, officer, or employee).

Plaintiff claims Nurse McPherson wrongfully changed plaintiff's

medical restrictions in March 2005 to clear plaintiff for kitchen work, notwithstanding her knowledge of plaintiff's 100 percent disability as determined by the Veterans Administration prior to plaintiff's incarceration.  He further claims Nurse McPherson violated Correct Care Solutions policy by not conferring with plaintiff and obtaining his acknowledgment of the change.

Plaintiff next claims Nurse Montgomery, in July 2005, produced that report even though she knew it to be false and inaccurate.  On the basis of that report, Officer Medill assigned plaintiff to work as a dining room porter.

A disciplinary report resulted when plaintiff refused this work assignment.  Disciplinary Hearing Officer Cooper found plaintiff guilty of not obeying an order.  The complaint does not disclose the disciplinary sanction imposed.

On these allegations, plaintiff seeks damages on claims that Nurses McPherson and Montgomery violated the ADA subjected him to "physical torture" by being deliberately indifferent to his medical needs and unnecessarily exposing plaintiff to pain and the possibility of greater injury or death, and that Officer Cooper violated plaintiff's rights to substantive and procedural due process by not dismissing the disciplinary action when plaintiff produced an August 2005 medical classification report that corrected the report issued by Nurse McPherson in March 2005.

*42 U.S.C. § 1983*

To allege a valid claim under 42 U.S.C. § 1983, a plaintiff must assert the denial of a right, privilege or immunity secured by federal law.  <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 150 (1970).

Having reviewed the record, the court finds plaintiff's allegations state no claim for relief against any of the named defendants.

Eighth Amendment

"A prison official violates an inmate's clearly established Eighth Amendment rights if he acts with deliberate indifference to an inmate's serious medical needs--if he knows of and disregards an excessive risk to inmate health or safety." Garrett v. Stratman, 254 F.3d 946, 949 (10th Cir. 2001)(internal quotation marks omitted). In the present case, plaintiff states only that the defendant nurses issued a medical classification report that was contrary to an earlier medical report that did not clear plaintiff for kitchen work. Although plaintiff broadly states this action was deliberate and intentional, his allegations are insufficient to establish the nurses' actions were sufficiently harmful to evidence any deliberate indifference to plaintiff's serious medical needs. *See* Olson v. Stotts, 9 F.3d 1475, 1477 (10th Cir. 1993).

On the face of the complaint it is apparent the medical classification report that cleared plaintiff for kitchen work did not in fact subject him to any pain or serious deprivation of his medical needs, and plaintiff's conclusory claim of intentional disregard to his known disability is insufficient to establish the defendant nurses knew of and disregarded an excessive risk to plaintiff's health or safety. *See* Farmer v. Brennan, 511 U.S. 825, 837 (1994); Perkins v. Kan. Dep't of Corr., 165 F.3d 803, 809 (10th Cir. 1999). *See also* Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991)("[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be

3

based.")(citing cases).

Also, to the extent plaintiff's allegations reflect only negligence by the defendant nurses in their treatment of plaintiff's medical condition, no valid claim of medical mistreatment under the Eighth Amendment is stated. Estelle v. Gamble, 429 U.S. 97, 106-07 (1976); Ledoux v. Davies, 961 F.2d 1536 (10th Cir. 1992). Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106.

To the extent plaintiff claims Nurse McPherson did not follow CCS policy to confer with plaintiff and secure his acknowledgment of the changed report in March 2005, no cognizable constitutional claim is stated. Section 1983 provides relief for violations of federal law by individuals acting under color of state law, but provides no basis for relief for alleged violations of state law. Jones v. City & County of Denver, Colo., 854 F.2d 1206, 1209 (10th Cir. 1988).

And finally, plaintiff's Eighth Amendment claims against Nurses McPherson and Montgomery are subject to being dismissed because plaintiff did not file his complaint within two years of the alleged misconduct by these defendants. In this district a two-year statute of limitations applies to civil rights actions brought pursuant to § 1983. Baker v. Board of Regents of State of Kan., 991 F.2d 628, 630-31 (10th Cir. 1993); K.S.A. 60-513(a)(4). Plaintiff filed his complaint in October 2007, but clearly was aware prior to his August 2005 disciplinary action of the alleged misconduct by the two nurses. No authority supports plaintiff's sweeping argument that the limitations period regarding his claims against the two nurses was tolled or did not begin running until his related disciplinary

appeal was exhausted in October 2005.

<u>Due Process</u>

To state a claim of being deprived due process in a prison disciplinary proceeding, plaintiff must first establish a liberty interest protected by the Due Process Clause is implicated. To do so, plaintiff must demonstrate he was subjected to "the type of atypical, significant deprivation in which a state might conceivably create a liberty interest," or that "the State's action ... inevitably affect[ed] the duration of his sentence." <u>Sandin v. Conner</u>, 515 U.S. 472, 485 and 487 (1995). If no protected liberty interest is involved, the due process protections of <u>Wolff v. McDonnell</u>, 418 U.S. 539 (1974), in a prison disciplinary proceeding do not apply, and neither the lack of due process nor any deficiency in the procedure used is actionable under 42 U.S.C. § 1983.

In the present case, the complaint is silent regarding the sanction imposed in the disciplinary proceeding at issue. Absent supplementation of the complaint with facts sufficient to establish a protected liberty interest, plaintiff's allegations against Officer Cooper state no claim of constitutional significance for the purpose of seeking relief from the defendant under 42 U.S.C. § 1983.

*Americans with Disabilities Act*

Plaintiff's allegations under the ADA are not at all clear. Although pleadings filed by pro se litigants are to be liberally construed, <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972), a court "should not assume the role of advocate, and should dismiss claims which are supported only by vague and conclusory allegations," <u>Northington v. Jackson</u>, 973 F.2d 1518, 1521 (10th Cir. 1992). *See*

*also* Riddle v. Mondragon, 83 F.3d 1197, 1202 (10th Cir. 1996)(liberal construction of pro se complaint "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based.").

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. This provision extends to prisoners. *See* Penn. Dep't of Corr. v. Yeskey, 524 U.S. 206, 210 (1998). To state a claim under Title II, the plaintiff must allege that (1) he is a qualified individual with a disability, (2) who was excluded from participation in or denied the benefits of a public entity's services, programs, or activities, and (3) such exclusion, denial of benefits, or discrimination was by reason of a disability. *See* 42 U.S.C. § 12132. *See also* Robertson v. Las Animas County Sheriff's Dept., 500 F.3d 1185, 1193 (10th Cir. 2007).

Even assuming plaintiff is a qualified individual with a disability, supplementation of the complaint is required to provide a sufficient basis to find the second and third requirements for stating an actionable claim are presented. As alleged, plaintiff's disagreement with a medical assessment as being inconsistent with his disability appears to allege improper medical care rather than discrimination or the denial of benefits or services based on plaintiff's disability. *See e.g.*, Fitzgerald v. Corrections Corp of America, 403 F.3d 1134, 1143-44 (10th Cir. 2005)(ADA does not

6

provide remedy for alleged medical negligence)(*citing cases)*; <u>Moore v. Prison Health Services, Inc.</u>, 201 F.3d 448, 1999 WL 1079848 at *1 (10th Cir., Dec. 1, 1999)(unpublished opinion)(ADA "afford[s] disabled persons legal rights regarding access to programs and activities enjoyed by all, not a general federal cause of action for challenging the medical treatment of their underlying disabilities")(*citing cases*).

*Show Cause Order to Plaintiff*

Accordingly, the court directs plaintiff to supplement the record to show cause why the complaint should not be dismissed as stating no claim for relief under 42 U.S.C. § 1983 or the ADA against any of the named defendants.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted").

Plaintiff's requests for service of summons is denied without prejudice at this time.  No service of summons will be ordered by the court until the screening required under 28 U.S.C. § 1915A has been completed.  Likewise, plaintiff's motion for a court order establishing the date the complaint was filed in October 2007 is denied without prejudice to plaintiff reasserting this request if necessary.

IT IS THEREFORE ORDERED that plaintiff is granted twenty (20) days to supplement the complaint to avoid dismissal of the complaint as stating no claim for relief.

IT IS FURTHER ORDERED that plaintiff's motions for service

(Docs. 2 and 3), and motion for an order establishing the filing date of plaintiff's complaint (Doc. 6) are denied without prejudice.

**IT IS SO ORDERED.**

DATED:  This 29th day of November 2007 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

8