IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STEVEN KENT BLOOM,

                **Plaintiff,**

     v.                                 CASE NO. 07-3258-SAC

KAREN MCPHERSON, et al.,

                **Defendants.**

## O R D E R

Plaintiff, a prisoner incarcerated in the Lansing Correctional Facility (LCF) in Lansing, Kansas, proceeds pro se on a complaint filed under 42 U.S.C. § 1983.[1] The three defendants named in the complaint are Nurses Karen McPherson and Mary Montgomery, and LCF Disciplinary Board Officer F.N. Cooper.

Pursuant to 28 U.S.C. § 1915A, the court reviewed the complaint and directed plaintiff to show cause why the complaint should not be dismissed as stating no claim for relief, and granted plaintiff an opportunity to supplement the complaint to address the deficiencies identified by the court.[2]

---

[1] Plaintiff also sought relief under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12131 et seq., but later voluntarily withdrew his assertion of jurisdiction under that Act.

[2] While plaintiff points out it would have been more correct to order him to "amend" rather than "supplement" the complaint, there is no dispute that the court allowed plaintiff an opportunity to address identified deficiencies in the complaint. *See* Hall v. Bellmon, 935 F.2d 1106, 1110 n. 3 (10th Cir. 1991)("pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings").

Having reviewed plaintiff's responsive pleadings, the court concludes this action should be dismissed.

Plaintiff alleges Nurse McPherson cleared plaintiff for kitchen work in March 2005 notwithstanding her knowledge of a 2003 medical restriction she had recently interpreted as not clearing plaintiff for a kitchen work assignment.[3] Plaintiff further claims Nurse McPherson violated Correct Care Solutions policy by not conferring with plaintiff and obtaining his acknowledgment of this modification to plaintiff's medical record.

Plaintiff next claims Nurse Montgomery, in July 2005, produced the modified medical report even though she knew it to be false and inaccurate. On the basis of the modified report, Officer Medill assigned plaintiff to work as a dining room porter. A disciplinary report resulted when plaintiff refused this work assignment. Disciplinary Hearing Officer Cooper found plaintiff guilty of not obeying an order.

On these allegations plaintiff seeks relief on claims that Nurses McPherson and Montgomery intentionally violated his right to be free from cruel and unusual punishment by unnecessarily exposing plaintiff to the possibility of greater injury or death, and that Officer Cooper violated plaintiff's rights to substantive and procedural due process by not dismissing the disciplinary action when plaintiff produced a reissued medical classification report in August 2005 by Dr. Okolzina that more fully and clearly listed the

---

[3]The court corrects its earlier reference to plaintiff's VA disability as the source of Nurse McPherson's knowledge of plaintiff's disability.

2

physical activities to be restricted.

In its show cause order to plaintiff, the court found in part that plaintiff's claims against the three defendants were time barred because they accrued as late as August 2005 and plaintiff did not file his complaint until October 2007. The court also found no authority supported plaintiff's contention that he was entitled to tolling of the two year limitation period until he had fully exhausted administrative remedies on the disciplinary charge of refusing an order.

Having reviewed plaintiff's response, the court finds the question of whether plaintiff is entitled to tolling need not be decided because even if tolling were to be assumed in this case, at most it would apply only to plaintiff's claims against Officer Cooper as plaintiff's administrative appeal of his disciplinary proceeding did not terminate until the Secretary of the Kansas Department of Corrections denied plaintiff's administrative appeal on November 30, 2005. Plaintiff was clearly aware of the error he alleges against Nurses McPherson and Montgomery prior to August 2005, and cites no exhaustion of administrative remedies of this alleged error, other than his indirect pursuit of administrative review in the related disciplinary action, to support his claim for tolling of his claims against these two defendants.

Moreover, even if plaintiff's claims against Nurses McPherson and Montgomery were not time barred, the court continues to find no claim of constitutional deprivation in plaintiff's allegations. Plaintiff's reliance on these defendants allegedly acting contrary to their professional duties by re-evaluating plaintiff's clearance

3

for kitchen duty, and wrongfully going against a doctor's 2003 medical assessment, is misplaced as these allegations reflect negligence at most which is not actionable under § 1983.

Even if the complaint is assumed to be timely filed against the remaining defendant, any claim against Officer Cooper must be dismissed because plaintiff's allegations are insufficient to state a claim upon which relief can be granted under 42 U.S.C. § 1983. Plaintiff continues to maintain that Officer Cooper denied him a "state created liberty right" by finding him guilty in the face of a medical report that he claims supported his refusal to comply with a work assignment. However, plaintiff provides no factual for finding a liberty interest protected by the Due Process Clause was implicated in the challenged disciplinary proceeding, *see* Sandin v. Conner, 515 U.S. 472 (1995), and plaintiff's bare contention that Sandin is wrong is insufficient to provide a legal basis for a claim of being deprived due process.

Accordingly, for the reasons stated herein and in the show cause order entered on November 29, 2007, the court concludes the supplemented complaint should be dismissed as stating no claim for relief. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted").

IT IS THEREFORE ORDERED that the complaint is dismissed as stating no claim for relief.

**IT IS SO ORDERED.**

5

DATED:  This 1st day of February 2008 at Topeka, Kansas.


                                    s/ Sam A. Crow
                                    SAM A. CROW
                                    U.S. Senior District Judge