```
           IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF KANSAS


STEVEN KENT BLOOM,

                      Plaintiff,

         v.                                CASE NO. 07-3258-SAC

KAREN MCPHERSON, et al.,

                      Defendants.
```

**O R D E R**

Plaintiff filed a complaint under 42 U.S.C. § 1983, seeking relief from three defendants at the Lansing Correctional Facility in Lansing, Kansas. By an order dated February 1, 2008, the court dismissed the complaint as stating no claim for relief. Before the court is plaintiff's motion to alter and amend that judgment.

Plaintiff's complaint centers on the role of two nurses in their 2005 reading of a 2003 medical restriction in plaintiff's record as allowing a kitchen work assignment, and on the disciplinary hearing officer who found plaintiff guilty of not obeying an order to report to the new work assignment. Plaintiff claimed the nurses unnecessarily subjected him to the possibility of great injury or death, and the disciplinary officer denied plaintiff due process by not dismissing the disciplinary action when plaintiff produced a subsequent medical classification report that more fully and clearly listed the physical activities to be restricted.

The court found in part that plaintiff's claims appeared time barred, notwithstanding plaintiff's arguments for tolling of the

limitations period while he exhausted remedies on the disciplinary adjudication. The court further found that even if plaintiff's claims could be considered timely filed, the complaint should be dismissed because plaintiff's allegations stated no claim for relief under 42 U.S.C. § 1983. Having carefully reviewed the record, the court denies plaintiff's motion to alter and amend.

"Grounds warranting a motion [to alter and amend under Rule 59(e)] include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000)(citations omitted).

Plaintiff identifies five arguments as supporting his motion to alter and amend the judgment in this matter.

First, plaintiff argues the court improperly cited plaintiff's failure to exhaust administrative remedies, and points to Jones v. Bock, 127 S.Ct. 910 (2007), as support. In Jones, the Supreme Court addressed the district courts' application of the exhaustion requirement in 42 U.S.C. § 1997e(a), and held that inmates are not required to specially plead or demonstrate exhaustion in their complaints. Id. at 921. In the present case, however, the court discussed plaintiff's exhaustion of administrative remedies only in the context of discussing whether plaintiff was entitled to tolling

2

of the statute of limitations.  The court did not summarily dismiss the complaint pursuant to 42 U.S.C. § 1997e(a).

Plaintiff also argues the court erroneously ordered plaintiff to supplement rather than amend the complaint to avoid dismissal of the complaint for the reasons stated by the court, and failed to liberally construe plaintiff's pleadings with the liberality to be afforded pro se litigants.  The court finds neither argument presents any basis for amending or modifying the final judgment, pursuant to Fed.R.Civ.P. 59(e).

And finally, the court finds no merit to plaintiff's arguments that the court erred as a matter of law in finding the nurse defendants' assessment of plaintiff's medical record in 2005 reflected only negligence rather than any deliberate indifference to a serious medical need of plaintiff, or in finding plaintiff had no constitutionally protected liberty interest in his 2005 medical assessment.

Finding no basis has been demonstrated for granting plaintiff's motion for amendment or alteration of the judgment, the court denies the motion.

IT IS THEREFORE ORDERED that plaintiff's motion to alter and amend the judgment in this matter (Doc. 17) is denied.

**IT IS SO ORDERED.**

DATED:  This 23rd day of July 2008 at Topeka, Kansas.

 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge