IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**TOD A. PABST,**

        Petitioner,

        v.                          CASE NO. 08-3258-SAC

**DAVID R. McKUNE, et al.,**

        **Respondents.**

**O R D E R**

This matter is a petition for habeas corpus filed pursuant to 28 U.S.C. § 2254. Respondents seek the dismissal of this action as time-barred.

**Background**

Petitioner was convicted of first-degree murder in the District Court of Thomas County, Kansas, in August 1997. In February 2000, the conviction was reversed by the Kansas Supreme Court and the matter was remanded for a new trial. *State v. Pabst*, 996 P.2d 321 (Kan. 2000).

Following his retrial in the District Court of Ellis County, Kansas, petitioner again was convicted of first-degree murder. In September 2000, he was sentenced to a term of life without parole for 25 years. The Kansas Supreme Court affirmed the conviction. *State v. Pabst*, 44 P.3d 1230 (Kan.), *cert. denied*, 537 U.S. 959 (2002).

On October 15, 2003, petitioner filed a post-conviction action pursuant to K.S.A. 60-1507 in the District Court of Thomas County, Kansas. The court denied relief on July 18, 2006. The Kansas Supreme Court affirmed that decision on September 19, 2008. *Pabst v. State*, 192 P.3d 630 (Kan. 2008).

Petitioner commenced this action on October 8, 2008, when he placed the petition in the prison mail system.

**Discussion**

This matter is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA), which established a one-year statute of limitations on habeas corpus filings by state prisoners. 28 U.S.C. § 2244(d)(1). Typically, the period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." §2244(d)(1)(A). The limitation period is tolled during the time a "properly filed" post-conviction action is pending in state court. § 2244(d)(2).

Respondents seek the dismissal of this action on the ground the petition was not timely filed. Petitioner opposes the motion, and he argues the filing was timely in light of the twenty-day period for filing a motion for rehearing. Case law in the Tenth Circuit supports this view. *See Serrano v. Williams*, 383 F.3d 1181 (10th Cir. 2004)(AEDPA's limitation period for filing habeas corpus was tolled during period following state court's denial of review during which petitioner could have filed a motion for rehearing); *Mills v.*

*McKune*, 186 Fed. Appx. 828, 830-31 (10th Cir. 2006)(unpublished)(applying *Serrano* to denial of review by Kansas Supreme Court).

Here, the United States Supreme Court denied certiorari in petitioner's direct appeal on October 15, 2002. The limitation period began to run at that time, and on the last day of the one-year period, petitioner filed a motion for post-conviction relief pursuant to K.S.A. 60-1507, tolling the limitation period.

The state district court denied relief, and petitioner pursued appellate review. The Kansas Supreme Court affirmed the denial of relief on September 19, 2008. Petitioner filed motion for rehearing on October 7, 2008, and on the following day, he commenced this habeas corpus action. Under *Serrano* and the line of cases following it, this action was timely filed, and the motion to dismiss must be denied.

IT IS, THEREFORE, BY THE COURT ORDERED respondents' motion to dismiss (Doc. 11) is denied.

IT IS FURTHER ORDERED:

1. That respondents are hereby required to show cause within twenty (20) days from the date of this order why the writ should not be granted.

2. That the response should present:

    (a) the necessity for an evidentiary hearing on each of the grounds alleged in petitioner's pleading; and
    (b) an analysis of each of said grounds and any cases and supporting documents relied upon by respondents in opposition to the same.

3. Respondents shall cause to be forwarded to this court for

examination and review the following:

>the records and transcripts, if available, of the criminal proceedings complained of by petitioner.

Upon the termination of the proceedings herein, the clerk of this court will return to the clerk of the proper state court all such state court records and transcripts.

4. That petitioner be granted ten (10) days after receipt by him of a copy of respondents' answer and return to file a traverse thereto, admitting or denying, under oath, all factual allegations therein contained.

5. That the clerk of this court then return this file to the undersigned judge for such other and further proceedings as may be appropriate; and that the clerk of this court transmit copies of this order to the parties and to the office of the Attorney General for the State of Kansas.

**IT IS SO ORDERED**.

DATED: This 24th day of November, 2009, at Topeka, Kansas.

> S/ Sam A. Crow
> SAM A. CROW
> U.S. Senior District Judge