IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**STEVEN KENT BLOOM,**

            **Plaintiff,**

     v.                                      CASE NO. 07-3258-SAC

**KAREN MCPHERSON, et al.,**

            **Defendants.**


**O R D E R**

By an order dated October 28, 2009, the court directed the clerk of the court to prepare waiver of service of summons forms for defendants McPherson and Montgomery, and requested a Martinez report from appropriate officials at the Lansing Correctional Facility. The record reflects that said waiver forms were returned unexecuted to the United States Marshal Service (USMS).

*Motion for Service of Summons by United States Marshal Service*

Before the court is plaintiff's motion for service of summons by USMS, with the cost of such service to paid by plaintiff.

Although a plaintiff proceeding in forma pauperis in federal court is entitled to rely on USMS for service of summons, 28 U.S.C. § 1915(d), in this case plaintiff never sought nor was granted in forma pauperis status. Even so, he may still request service of summons by USMS. *See* Fed.R.Civ.P. 4(c)(3)(at plaintiff's request, court may order service by USMS). Thus plaintiff's request for an order for service of summons by USMS is properly before the court. *See e.g.*, Koger v. Bryan, 523 F.3d 789 (7th Cir. 2008)(denial of a

motion for service by USMS because plaintiff was not proceeding in forma pauperis was abuse of district court's discretion, citing Rule 4(c)(3)).

By statute, USMS is to collect the costs for serving summons, complaint, or any order or process in any case, 28 U.S.C. § 1921(a)(1)(A), and the Attorney General is to prescribe by regulation the fees to be collected for this service, 28 U.S.C. § 1921(b). *See* 28 C.F.R. § 0.114 (setting forth fees to be routinely collected by USMS for service of process, even if process is returned unexecuted).

Although plaintiff identifies no specific reason for requesting service by USMS, the court recognizes that plaintiff's incarceration understandably limits his ability to seek out and hire a private process server. Plaintiff's motion for service by USMS is granted, subject to plaintiff's satisfaction of any demand for payment by USMS related to such service.[1] Under the circumstances, the court

---

[1] Plaintiff does not proceed in forma pauperis in this matter, thus may not rely on the duty imposed by § 1915(d) that officers of the court perform "all duties" associated with service of process. Rule 4(c)(3), serving here as the basis for plaintiff's request for service by USMS, imposes no such duty on court officers. *See also* Mallard v. U.S. Dist. Court for Southern Dist. of Iowa, 490 U.S. 296, 301-02 (1989)(distinguishing § 1915 statutory provision for requesting counsel, from compulsory service of process required by § 1915(d)).

In this case, waiver of service of summons forms mailed to the work address of defendants McPherson and Montgomery were returned unexecuted, with notations indicating these defendants were no longer employed at that company. Because no other information in the record suggests the current location of these defendants, the summons to be prepared by the clerk's office will necessarily contain only each defendant's name. If plaintiff is unable to assist USMS by providing additional information to locate each defendant, then plaintiff bears the cost of all reasonable efforts by USMS to locate these defendants.

finds good reason exists for plaintiff's failure to serve process on defendants McPherson and Montgomery and within 120 days as required by Fed.R.Civ.P. 4(m), and extends the time for plaintiff to effect such service.[2]

*Affidavit for Recusal with Cause*

Also before the court is plaintiff's second request for recusal of the undersigned judge, titled as seeking "recusal with cause." Plaintiff cites a missing page in the electronic version of one of his pleadings, and contends this and the Tenth Circuit's reversal and remand in this matter are sufficient to demonstrate bias by the undersigned judge.

Plaintiff's motion is denied. The court has examined the record, and finds the missing page in the electronic version of plaintiff's document reflects nothing more than inadvertent error in the clerk's scanning of plaintiff's document. That error has now been corrected. To the extent plaintiff cites the circuit court's remand for further proceedings against defendants McPherson and Montgomery as a basis for claiming judicial bias, the court finds nothing warrants modification of the court's previous denial on November 24, 2009, of plaintiff's motion to recuse on this basis.

---

[2]*See* Fed.R.Civ.P. Rule 4(m)("If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period."). *See also* Espinoza v. United States, 52 F.3d 838, 840 (10th Cir. 1995)(dismissals for failure to timely serve process are governed by Fed.R.Civ.P. 4(m), and pro se litigants are not excused from its requirements).

*Request for Martinez Report*

The court renews its request to officials at the Lansing Correctional Facility for a <u>Martinez</u> report, to be prepared and submitted to the court within sixty (60) days.

IT IS THEREFORE ORDERED that plaintiff's MOTION FOR SERVICE AND INVOICE FOR MARSHAL'S FEES (Doc. 34) is granted, in that the clerk's office is directed to prepare summons for defendants McPherson and Montgomery for personal service by the United States Marshal Service with the cost of such service, including any reasonable efforts to locate the two defendants, to be paid by plaintiff.

IT IS FURTHER ORDERED that the time for effecting service of process on defendants McPherson and Montgomery is extended to 120 days from the date of this order.

IT IS FURTHER ORDERED that plaintiff's request through his AFFIDAVIT FOR RECUSAL WITH CAUSE (Doc. 35) is denied.

IT IS FURTHER ORDERED that the deadline for submitting the <u>Martinez</u> report requested by the court in this matter is extended to sixty (60) days from the date of this order.

**IT IS SO ORDERED.**

DATED: This 2nd day of March 2010 at Topeka, Kansas.


    s/ Sam A. Crow  
SAM A. CROW  
U.S. Senior District Judge