**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**STEVEN KENT BLOOM,**

                **Plaintiff,**

     **v.**                                            **CASE NO. 07-3258-SAC**

**KAREN MCPHERSON, et al.,**

                **Defendants.**

**O R D E R**

On October 28, 2009, the court directed the clerk of the court to prepare waiver of service of summons forms for defendants McPherson and Montgomery, and requested a <u>Martinez</u> report from appropriate officials at the Lansing Correctional Facility (LCF). When said waiver forms were returned unexecuted to the United States Marshal Service (USMS), plaintiff filed a motion for service of summons by USMS, with the cost of service to be paid by plaintiff.

On March 2, 2010, the court granted plaintiff's motion, subject to plaintiff's satisfaction of any demand for payment by USMS related to such service. Because the waiver of service of summons forms mailed to the work address of each defendant were returned unexecuted with notations indicating these defendants were no longer employed at that company, and no other information in the record suggested the current location of these defendants, the summons prepared by the clerk's office necessarily contained only each defendant's name. The court advised plaintiff that if he was unable to assist USMS by providing additional information to locate each

defendant, then plaintiff would bear the cost of all reasonable efforts by USMS to locate these defendants.

The court also found good reason for plaintiff's failure to serve process on defendants McPherson and Montgomery and within 120 days as required by Fed.R.Civ.P. 4(m), and extended the time for plaintiff to effect such service.[1]

Before the court is a report from USMS regarding its lack of success in locating either defendant, and its estimate of the cost to plaintiff thus far (Doc. 44). Also before the court is plaintiff's motion for relief from the March 2, 2010, order (Doc. 39), motion for issuance of waiver of service of summons forms and summons upon a Mary Montgomery identified by plaintiff (Doc. 41), and motion for appointment of counsel (Doc. 42).

Having reviewed the record, the court enters the following findings and order.

Martinez Report

On October 28, 2009, the court requested a Martinez report to be prepared and filed in this matter, and directed the clerk's office to add the Kansas Department of Corrections (KDOC) as an Interested Party in this matter for the limited purpose of filing

---

[1]*See* Fed.R.Civ.P. Rule 4(m)("If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period."). *See also* Espinoza v. United States, 52 F.3d 838, 840 (10th Cir. 1995)(dismissals for failure to timely serve process are governed by Fed.R.Civ.P. 4(m), and pro se litigants are not excused from its requirements).

that report. No Martinez report has been filed, however. The court's investigation of its records disclosed that no notice of the October 28, 2009, order or subsequent court orders ever reached KDOC because no copy of any order was ever mailed to KDOC, and the court had no designated email address to effect electronic service of court filings.

Accordingly, the court herein renews its request for a Martinez order, and directs a copy of this order and a copy of the docket sheet in this matter to be mailed to Linden Appel as Chief Counsel for KDOC. Electronic service of filings in this case will be effected to KDOC email address(es) provided to the court for such service.

Motion for Relief from Order

Plaintiff moves the court to vacate, revoke, or amend the order entered on March 2, 2010 (Doc. 36), claiming it is contrary to the order entered by the court on October 28, 2009. The court disagrees.

On October 28, 2009, the court directed the clerk's office to "prepare waiver of service forms for defendants McPherson and Montgomery pursuant to Rule 4(d) of the Federal Rules of Civil Procedure, to be served by a United States Marshal or a Deputy Marshal with the cost of such service to be paid by plaintiff." Plaintiff identified both defendants as employees of Correct Care Services (CCS), thus waiver forms were prepared and mailed to both defendants at CCS. CCS returned the unsigned forms to USMS, with correspondence stating these ex-employees had not worked for CCS for three or more years. *See* USMS Notice to Clerk (Doc. 33). In

response to plaintiff's December 2009 pleading titled MOTION FOR SERVICE and INVOICE FOR MARSHAL'S FEES (Doc. 34), the court directed the clerk's office on March 2, 2010, to prepare summons for service by USMS with plaintiff to pay the cost of such service. Both orders note that plaintiff is not proceeding in forma pauperis in this matter, and thus is responsible for payment of the cost of service, including any reasonable steps taken by USMS to locate the defendants for the purpose of effecting service of summons.

Perceiving no inconsistency in the two orders, the court denies plaintiff's motion to set aside the order entered on March 2, 2010.

To the extent plaintiff may be attempting to clarify that his December 2009 request for service and invoice for USMS fees referred only to his request for an invoice related to USMS service of waiver forms to the defendants, this clarification does not undermine the court's subsequent order on March 2, 2010.

To the extent plaintiff is requesting an invoice from USMS for purposes of paying the amount owed for services rendered thus far, the court finds it unnecessary to interfere with USMS billing and payment procedures, and notes the attached USMS report provides plaintiff with an estimated cost amount.

<u>Motion for Issuance of Service on Mary Montgomery</u>

Plaintiff seeks service of both waiver of service of summons forms and summons to Mary Montgomery at a specified Topeka address, and states he obtained this address through an internet search on Montgomery's name.

The USMS report notes that this individual's age and residential history makes it highly unlikely that she is the

defendant named in plaintiff's lawsuit, and states it will endeavor to serve this individual if the court so directs. The court enters no such directive.

USMS also requests additional information from plaintiff to help narrow the field of possible individuals. This is appropriate. While plaintiff has no access to defendants' birth dates or social security numbers, plaintiff should be able to provide each defendant's race, estimated age, and any other available identifying information. The court directs plaintiff to submit such information to USMS.

However, notwithstanding CCS correspondence stating Karen McPherson had not been a CCS employee for over three years, plaintiff states in a recent pleading that he was treated by defendant Nurse McPherson at LCF in July 2009. Plaintiff has thereby provided some information that could be used to locate at least one of the defendants for the purpose of service of process.

The court thus finds it appropriate to request a separate preliminary Martinez report within twenty (20) days that provides any available information as to whether either defendant is currently working at a KDOC facility. Such information is requested for the sole purpose of obtaining service by waiver of service of summons forms to the defendant's workplace, or if necessary, by personal service by USMS.

Motion for Appointment of Counsel

Plaintiff asks the court to appoint counsel to represent him. Plaintiff cites the Tenth Circuit's appointment of counsel in plaintiff's appeal, and contends exceptional circumstances support

5

his request for appointed counsel as prison officials are or will be unlawfully interfering with his access to the courts - a claim he intends to pursue in a separate action not yet filed.

When appointment of counsel is requested, a court is to consider the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to present his claims. Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995). Here, plaintiff's claims against the remaining two defendants in this case are not complex, and plaintiff is clearly able to draft and file pleadings and present his arguments to the court. A Martinez report has been requested from KDOC official; plaintiff's pro se pleadings are to be liberally construed and held to less stringent standards than lawyers;[2] and the court has granted plaintiff's motion for service of process by USMS. Under these circumstances, plaintiff's motion for appointment of counsel is denied without prejudice to plaintiff renewing his request after the full Martinez report has been filed.

IT IS THEREFORE ORDERED that plaintiff's motion (Doc. 39) for relief from the order entered on March 2, 2010, is denied.

IT IS FURTHER ORDERED that plaintiff's motion for service of waiver and summons to Mary Montgomery at the address provided by plaintiff (Doc. 41), and motion for appointment of counsel (Doc. 42) are denied without prejudice.

IT IS FURTHER ORDERED that KDOC is granted twenty (20) days to

---

[2] See Erickson v. Pardus, 551 U.S. 89 (2007); Andrews v. Heaton, 483 F.3d 1070, 1076 (10th Cir. 2007).

submit a separate and preliminary Martinez report regarding the possible location of either defendant at a KDOC facility, and that appropriate KDOC officials are granted sixty (60) days to submit a full Martinez report regarding plaintiff's claims against the two remaining defendants in this matter.

A copy of this order is to be mailed to Linden Appel, General Counsel of the Kansas Department of Corrections.

**IT IS SO ORDERED.**

DATED: This 20th day of May 2010 at Topeka, Kansas.

 s/ Sam A. Crow  
SAM A. CROW  
U.S. Senior District Judge

Plaintiff does not proceed in forma pauperis in this matter, thus may not rely on the duty imposed by § 1915(d) that officers of the court perform "all duties" associated with service of process. Rule 4(c)(3), serving here as the basis for plaintiff's request for service by USMS, imposes no such duty on court officers. *See also* Mallard v. U.S. Dist. Court for Southern Dist. of Iowa, 490 U.S. 296, 301-02 (1989)(distinguishing § 1915 statutory provision for requesting counsel, from compulsory service of process required by § 1915(d)).