IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**STEVEN KENT BLOOM,**

        **Plaintiff,**

      **v.**                                CASE NO. 07-3258-SAC

**KAREN MCPHERSON, et al.,**

        **Defendants.**


**O R D E R**

Plaintiff proceeds pro se in this matter, seeking relief under 42 U.S.C. § 1983 on allegations of deliberate indifference to his medical needs while incarcerated. Having reviewed the record in this matter, the court addresses pending motions regarding service of summons on the defendants, and the *Martinez* report ordered by the court.

*Procedural Background to the Pending Motions*

In October 2009, the court directed the clerk of the court to prepare waiver of service of summons forms for defendants McPherson and Montgomery, identified by plaintiff as employees of Correct Care Services (CCS). The court requested a *Martinez* report from appropriate Kansas Department of Corrections (KDOC) officials at the Lansing Correctional Facility. CCS returned the unsigned waiver forms to the United States Marshal Service (USMS), stating neither defendant was a CCS employee. In March 2010, the court granted plaintiff's motion for service of summons by the USMS on both defendants, subject to plaintiff's satisfaction of any demand for

payment by USMS related to reasonable efforts by USMS to locate the defendants. In May 2010, USMS notified the court that it had not been able to identify appropriate individuals for service with the limited information provided, and indicated that plaintiff was at that time indebted to USMS for $181.00. The court directed plaintiff to assist USMS by providing additional identifying information for each defendant. Plaintiff complied, providing residential addresses the next month for both defendants.

Meanwhile, KDOC filed a preliminary report in June 2010 advising the court that neither defendant was employed inside a KDOC facility at that time. It then filed a complete *Martinez* report with exhibits.

In July 2010, the court directed the preparation of alias summons using the residential addresses provided by plaintiff with service by USMS with the cost to be paid by plaintiff. USMS sent an invoice to plaintiff, dated July 22, 2010, asking for payment of a $16.00 service fee deposit,[1] and plaintiff's outstanding balance of $181.00. The invoice included a notice to plaintiff that process would be returned unexecuted if payment was not received within 30 days. (Doc. 57, Ex. A.) In a memo dated September 24, 2010, USMS notified the court that it was returning the reissued summons unexecuted, due to plaintiff's nonpayment of the $16.00 service fee deposit and plaintiff's failure to pay his outstanding balance of

---

[1]The invoice cited a deposit of $8.00 for service of each summons.

$197.00.[2]  (Doc. 60.)

*Plaintiff's Motion for Martinez Report*

Plaintiff seeks a court order requiring CCS to submit a preliminary *Martinez* report as to the addresses of the two defendants as former CCS employees.  This request was rendered moot by plaintiff's subsequent submission of current addresses for both defendants.

*Motions for Declaratory Judgment*

Plaintiff's motions for declaratory judgment seek a court order declaring the "service of process fee" charged by USMS is a "valid court cost" not subject to the spending limit imposed by KDOC regulations.  Plaintiff states he had sufficient funds in his inmate trust fund account to pay the entire USMS invoice, and that KDOC officials wrongfully refused plaintiff's repeated requests to pay that bill because it exceeded the $40.00 spending limit set by institutional regulations and required the warden's approval.[3]

The court denies this specific request,[4] and instead finds it appropriate to liberally construe plaintiff's motions as seeking assistance with the underlying issue regarding his payment of USMS service fees, and as  encompassing a request for court assistance in

---

[2] The memo explained the $181.00 figure previously cited to plaintiff and the court failed to include the $16.00 plaintiff owed for USMS service of the original waiver forms.

[3] See KDOC Internal Management Policies and Procedures (IMPP) 11-101.

[4] No KDOC is a party in this action, other than as an interested party for the limited sole purpose of filing the *Martinez* reports requested by the court.

obtaining service of summons in this matter.

On the face of the record, plaintiff is obligated to pay the $181.00 cited in the July 22, 2010, USMS invoice for services rendered.[5] This obligation arises from court orders requiring plaintiff to pay the cost of service by the USMS, including all reasonable costs to identify and serve the defendants, even though no successful service resulted from USMS efforts, and even though plaintiff rather than USMS located residential addresses for each defendant. *See also* 28 U.S.C. § 1921(a)(1)(A)(United States marshal shall collect, and a court may tax as costs, fees for service of summons and complaints).

Also, USMS was authorized to ask for the $16.00 deposit to cover the cost of service of the two reissued summons in this case. *See* 28 U.S.C. § 1921(d)("The United States marshals may require a deposit to cover the fees and expenses prescribed under this section."). Compared to the collection and taxation provisions set forth in § 1921(a)(1)(A), and using the common sense understanding of the term "deposit," the court reads § 1921(d) as authorizing the USMS to collect an advance deposit for its services.

It appears plaintiff attempted to pay the total USMS invoice in a timely fashion, but his requests met with repeated denials because the amount requested each time exceeded an administrative spending limit. There is no indication in the record that plaintiff ever attempted to avoid the KDOC spending limit by paying the $16.00

---

[5]There is nothing to indicate USMS has yet billed plaintiff for the $197.00 corrected amount cited in its September 24, 2010, memo.

service fee deposit for service of the reissued summons, or to inform USMS that partial payments of the total amount of the invoice were necessary. Nor is it clear from plaintiff's filings that he ever sought the warden's approval to exceed the spending limit being applied to his payment requests, or any administrative review of how his payment requests were being handled.

Instead, after the 30 day period cited in the USMS invoice had expired, but before USMS returned the reissued summons as unexecuted, plaintiff filed a motion for declaratory judgment seeking to remedy alleged error in the application of the KDOC spending limit to his requests for payment, rather than directly seeking this court's assistance in having USMS serve the reissued summons.

However, the USMS invoice to plaintiff cited the "deposit" to be paid as including both the advance deposit due for service of the reissued summons, as well as plaintiff's outstanding balance for services already rendered, and notified plaintiff that nonpayment of the "deposit" would result in the summons reissued on July 14, 2010, being returned to court as unexecuted. As a result, the USMS invoice ambiguously appears to condition service of the reissued summons upon plaintiff's payment of the entire amount, rather than just the advance service fee deposit authorized by § 1921(d).

The court thus finds it appropriate under the circumstances to grant plaintiff limited relief and allow plaintiff one last opportunity to obtain service on the two defendants.

The clerks office is again directed to reissue summons to both

defendants, using the residential addresses provided by plaintiff. The USMS is entitled to seek an advance deposit from plaintiff to cover the cost of serving the newly reissued summons ordered herein, and to return said summons to the court as unexecuted if plaintiff fails to pay the advance cost for such service within a reasonable time set by the USMS. The time for obtaining service of process is extended by the court to sixty (60) days from the date of this order. Fed.R.Civ.P. 4(m).

Plaintiff remains obligated to pay all outstanding costs for past services rendered by USMS, and is encouraged to contact USMS about how he can satisfy that outstanding obligation given the administrative constraints imposed during his incarceration.

*Renewed Motion for Appointment of Counsel*

Plaintiff's renewed motion for appointment of counsel is denied. Although counsel assistance might have helped plaintiff avoid the pitfalls encountered in serving defendants, having reviewed the record which now includes the KDOC *Martinez* report, the court continues to find plaintiff's claims against the remaining two defendants in this case are not complex, and plaintiff is clearly able to draft and file pleadings and present his arguments to the court. See *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)(stating factors to be considered in deciding motion for appointment of counsel).

IT IS THEREFORE ORDERED that plaintiff's renewed motion (Doc. 58) for appointment of counsel is denied.

IT IS FURTHER ORDERED that plaintiff's motion (Doc. 46) for a

*Martinez* report and motions (Docs. 61 and 63) for decisions on pending motions are denied as moot.

IT IS FURTHER ORDERED that plaintiff's motion and renewed motion (Docs. 55 and 62) for declaratory judgment are denied.

IT IS FURTHER ORDERED that the clerks office is to reissue summons for the two defendants, using the address information provided by plaintiff (Doc. 49), for service by the United States Marshall Service with the cost of such service to be paid by plaintiff.

IT IS FURTHER ORDERED that the circumstances in this matter present sufficient good cause to extend the time for obtaining service on defendants within sixty (60) days of the date of this order.

**IT IS SO ORDERED.**

DATED: This 28th day of February 2011 at Topeka, Kansas.

 s/ Sam A. Crow  
SAM A. CROW  
U.S. Senior District Judge