```
                    IN THE UNITED STATES DISTRICT COURT
                         FOR THE DISTRICT OF KANSAS


STEVEN KENT BLOOM,

                              Plaintiff,

              v.                             CASE NO. 07-3258-SAC

KAREN MCPHERSON, et al.,

                              Defendants.
```

**O R D E R**

Plaintiff proceeds pro se seeking relief under 42 U.S.C. § 1983 on allegations of deliberate indifference to his medical needs while incarcerated. The two defendants remaining in this matter are Karen MacPherson and Mary Montgomery, both identified by plaintiff as registered nurses working at the Lansing Correctional Facility. By an order dated February 28, 2011, the court outlined the efforts undertaken by both plaintiff and the United States Marshal Service (USMS) to obtain service of process on these two defendants, and directed reissuance of summons for both defendants to the addresses provided by plaintiff. The court also found good cause under the circumstances for extending the time for obtaining service on these defendants within sixty days.[1]

---

[1] *See* Fed.R.Civ.P. 4(m) Time Limit for Service, which reads: "If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

*No Service of Process*

The record discloses that no effective service has been obtained for either defendant.  USMS's latest certified mailing of the alias summons and complaint to each defendant was returned unexecuted with notations of "undeliverable as addressed" or "unclaimed."  Plaintiff does not proceed in forma pauperis, and there is no indication the lack of effective service on either remaining defendant resulted from any further complications regarding plaintiff's payment of service fees assessed by the USMS.  The court finds USMS has made reasonable efforts to effect service of process as ordered by the court,[2] and plaintiff identifies no further information that might result in service of either remaining defendant at this time.

The court thus finds no good cause exists for allowing plaintiff further delay under Rule 4(m) to serve either remaining defendant, nor do the circumstances warrant permitting plaintiff additional time to effect service where nothing suggests that either remaining defendant has actual notice of plaintiff's claims.[3]  While dismissal based on plaintiff's failure to serve the remaining

---

[2]The court granted plaintiff's pro se request for service by the USMS.  Because plaintiff does not proceed in forma pauperis in this matter, 28 U.S.C. § 1915(d) does not obligate the court to issue and serve process, and Fed.R.Civ.P. 4(c)(3) does not mandate service of process by USMS.

[3]*See McClellan v. Board of County Com'rs of Tulsa County*, 261 F.R.D. 595, 604 (N.D.Okla.2009)(relevant factors for considering whether a permissive extension of time is warranted include whether the defendant had actual notice of the claims against the defendant); *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir.1995).

defendants would be without prejudice, Fed.R.Civ.P. 4(m), the court recognizes that application of the applicable two year statute of limitations may clearly prejudice plaintiff's ability to subsequently proceed on his allegations against these defendants. This consequence can hardly be avoided, however, where nothing in the record indicates that granting plaintiff additional time to effect service would meet with any success.

Accordingly, plaintiff is directed to show cause why these defendants should not be dismissed from this action, and the complaint dismissed because no remaining defendant has been served or made an appearance in this matter.

*Motion for Reconsideration*

Plaintiff's pending motion for reconsideration (Doc. 65), submitted to prison mail on March 16, 2011, and docketed the next day is denied. Plaintiff seeks reconsideration of that portion of the February 28, 2011, order in which the court denied plaintiff's renewed request for a declaratory judgment regarding a prisoner's access to mandatory savings to pay court costs and service fees.

Even assuming application of the prison mailbox rule,[4] plaintiff filed his motion beyond the 14 days allowed by the court rule. *See* D.Kan.Rule 7.3(b). But even if the motion were timely filed, the court finds plaintiff has identified no change in the law or new evidence, or any need to correct clear error or prevent manifest injustice. *Id*. ("A motion to reconsider must be based on:

---

[4]*See Price v. Philpot*, 420 F.3d 1158(10th Cir. 2005)(prison mailbox rule in *Houston v. Lack*, 487 U.S. 266, 276 (1988), applies to prisoner filings in § 1983 action).

(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice.").

IT IS THEREFORE ORDERED that plaintiff is granted twenty (20) days to show cause why the complaint should not be dismissed for lack of service of process on either remaining defendant.

IT IS FURTHER ORDERED that plaintiff's motion for reconsideration (Doc. 65) is denied.

**IT IS SO ORDERED.**

DATED:  This 1st day of February 2012 at Topeka, Kansas.


                                              _s/ Sam A. Crow_
                                              SAM A. CROW
                                              U.S. Senior District Judge